IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURIAKOSE T. JOSEPH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| DEPARTMENT OF ENVIRONMENTAL | : | |
| PROTECTION | : | NO. 06-4916 |

O'NEILL, J.                                                                                                                April  15 , 2009

## MEMORANDUM

By Order of September 6, 2007, I dismissed plaintiff Kuriakose T. Joseph's Title VII employment discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because he failed to timely exhaust his administrative remedies.  In order to preserve his claim under Title VII, Joseph was required to file a charge with the Equal Employment Opportunity Commission within 300 days of the last challenged act by his employer, the Pennsylvania Department of Environmental Protection.  Joseph submitted a charge questionnaire to the EEOC within the 300 day period but did not file his EEOC charge until after the statutory period had expired.  Thereafter, I denied Joseph's motion for reconsideration.

Following the dismissal and the denial of the motion for reconsideration, the Supreme Court decided <u>Federal Express Corp. v. Holowecki</u>, 128 S. Ct. 1147 (Feb. 27, 2008), in which it concluded that, in some instances, an intake questionnaire may constitute a charge under the Age Discrimination in Employment Act.

On appeal, Joseph asserted that the questionnaire that he submitted to the EEOC within the statutory period constituted a charge.  Noting that Joseph's questionnaire was not part of the

record in this Court, the Court of Appeals vacated the portion of my Order dismissing Joseph's Title VII claim,[1] as well as my Order denying reconsideration of that dismissal, and remanded this action directing me to examine Joseph's questionnaire and determine what impact, if any, Holowecki has on his Title VII claim.

After remand, plaintiff filed an amended complaint attaching the charge questionnaire and defendant has moved to dismiss, to which motion Joseph has responded.

The question presented in Holowecki was "What is a charge as the ADEA uses that term?" 128 S. Ct. at 1153. Stating that the ADEA does not define "charge," the Supreme Court observed: "While EEOC regulations give some content to the term, they fall short of a comprehensive definition." Id. at 1154. Accordingly, the Court was required to decide whether the documents filed by Holowecki (an intake questionnaire and an attached six-page affidavit) met the regulatory definition of a charge.

The Court held that it did, stating:

> "We conclude as follows: In addition to the information required by the regulations, i.e. an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."

Id. at 1157-58.

I conclude that Joseph need not comply with the requirement of Holowecki. Holowecki considered a case where the EEOC regulations did not provide a comprehensive definition of a charge. In this Title VII case, the regulations do provide such a definition. The Holowecki Court

---

[1] I dismissed other claims asserted by Joseph, but he appealed only the dismissal of his Title VII claim.

instructs us that we must defer to an agency's reasonable interpretation of a relevant statute when it issues regulations. Id. at 1155. The EEOC form for Title VII states: "when this form constitutes the only written statement of allegations of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s)." Thus, Joseph's questionnaire complies with the regulations to constitute a charge pursuant to Title VII. It is regrettable that the charge questionnaire was not part of the record when this matter first was before me as it is likely that if it had been both Joseph's motion for reconsideration and his appeal could have been avoided.

It is clear, however, that Joseph's questionnaire would comply with the Holowecki requirements if it were necessary to do so. As discussed above, the Holowecki Court considered an intake questionnaire under the ADEA; the EEOC regulations for that claim does not provide a comprehensive definition of a charge. In the absence of such a definition in the regulations, the Court held that, to be considered a charge, the intake questionnaire must contain an allegation and the name of the charged party and must be capable of being reasonably construed as a request for the agency to take remedial action.

Joseph's questionnaire is titled (by the EEOC) a charge questionnaire; it names the DEP as the charged party; it briefly but clearly alleges hiring discrimination on the part of the DEP; and the EEOC form itself states that the principal purpose of the questionnaire "is to solicit information . . . to enable the Commission to act on matters within its jurisdiction." It is difficult to imagine why a person would file such a charge questionnaire unless he were seeking agency action to assist him. I will thus deny the motion to dismiss.

An appropriate Order follows.